# CENTRAL PACIFIC RAILWAY COMPANY *v.* LANE.

INJUNCTION; PUBLIC LANDS; SECRETARY OF THE INTERIOR.

A suit in equity by a railroad company to enjoin the Secretary of the Interior from canceling a selection list of lands made by the plaintiff under a land grant act of Congress which excepted mineral lands, will not lie if the Secretary is required by law to consider and determine whether the lands selected are mineral in character, and he

has decided, after a hearing at which testimony was taken, that they are mineral, and his conclusion is not so devoid of evidential support as to render his decision arbitrary.

No. 3008.   Submitted March 7, 1917.   Decided April 23, 1917.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia dismissing a bill in equity for an injunction against the Secretary of the Interior.
*Affirmed.*

The facts are stated in the opinion.

*Mr. A. A. Hochling, Jr., Mr. Stanton C. Peelle,* and *Mr. C. F. R. Ogilby* for the appellant.

*Mr. A. T. Vogelsang, Mr. C. E. Wright,* and *Mr. C. D. Mahaffie* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This suit was brought in the supreme court of the District of Columbia by the Central Pacific Railway Company to restrain the Secretary of the Interior and the Commissioner of the General Land Office of the United States from canceling a selection list of lands in Nevada made by plaintiff company under the Land Grant Act of Congress of July 1, 1862 (12 Stat. at L. 489, chap. 120), as amended by the Act of July 2, 1864 (13 Stat. at L. 356, chap. 216). From a decree dismissing the bill plaintiff appeals.

The issue involved is concisely stated in the brief of counsel for plaintiff company as follows: "The land grant referred to excepted *mineral* (other than coal and iron) lands. The tracts here in issue were duly selected by the company; and, while that selection was pending, a special agent of the Interior Department made *charge* (as the expression there is) that the lands are *mineral* in character, although the United States Surveyor General for Nevada had returned the same as *agricultural*

in character. At a hearing held to determine the real character of the lands, the Department (notwithstanding the prima facie nonmineral character thereof accomplished and effected by said Surveyor's return) placed upon the railway company the *burden of proof* to establish affirmatively the nonmineral character thereof.

It appears from this statement that one of the questions the Secretary was by law called upon to consider before approving the selection list was whether or not the land is mineral in character. In making this investigation, it was necessary to take testimony. Complaint is made that the Secretary committed error in casting upon the plaintiff the burden of proving the nonmineral character of the land; also that due weight was not given the report of the Surveyor General of Nevada.

While the finding of the Secretary that the land is mineral in character may be erroneous, it is based upon an investigation he was by law authorized to make, and his conclusion is not so devoid of evidential support as to render his decision arbitrary and therefore subject to injunctive relief. Hence, the charge here amounts to nothing more than that reversible error was committed. What then plaintiff seeks is to convert an action for injunction into a writ of error to review the decision of the Secretary. That this will not be done is too elementary to require the citation of authority.

The decree is affirmed with costs.                *Affirmed.*